EL PUEBLO, DEMANDANTE Y APELADO, *v.* CLIVILLÉ, ACUSADO Y APELANTE.

Apelación procedente de la Corte de Distrito de Mayagüez en causa por portar un arma prohibida.

No. 774.—Resuelto en febrero 19, 1915.

PORTAR ARMAS PROHIBIDAS—JURISDICCIÓN—JUECES DE PAZ—JUECES MUNICIPALES.—El conocimiento de los delitos de portar armas prohibidas en reuniones públicas, como son las manifestaciones que discurren por los barrios

o poblados, no es de la jurisdicción de los jueces de paz, según la sección 4 de la ley de marzo 9, 1905, prohibiendo el uso de armas, sino que corresponde a los jueces municipales. Véase *El Pueblo* v. *López*, 17 D. P. R., 526.

ID.—INTERPRETACIÓN DE LEY—MANDAMIENTO DE ARRESTO.—Habiendo determinado concretamente la ley de marzo 9, 1905, prohibiendo el uso de armas, en qué casos tiene jurisdicción el juez de paz y en cuáles el juez municipal, lo que dispone el artículo 8 de dicha ley es que cuando se infrinja cualquiera de las disposiciones de la misma podrá verificarse el arresto sin necesidad de mandamiento, y que la persona arrestada deberá ser conducida ante el juez de paz para ser juzgada en los casos en que tenga jurisdicción para ello.

ID.—ACUSACIÓN—ILEGAL Y MALICIOSAMENTE.—Si bien la ley de marzo 9, 1905, prohibiendo portar armas, permite a algunas personas el uso de armas, cuando se alega en la acusación que el acusado la portaba ilegal y maliciosamente, ello expresa que no tenía autorización legal ni justa causa o excusa, no siendo necesario alegar que el acusado no estaba autorizado para llevarla.

Los hechos están, expresados en la opinión.

Abogado del Pueblo: *Sr. Salvador Mestre, Fiscal.*

El acusado no compareció.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Mónico Clivillé no se ha presentado en este tribunal a sostener· el recurso de apelación que interpuso contra la sentencia del Tribunal de Distrito de Mayagüez que lo condenó a la pena de 60 días de cárcel por el delito de·portar un arma prohibida en una manifestación política y al pago de las costas, ni nos ha presentado pliego alguno conteniendo la prueba practicada en el juicio ni las excepciones que tomara durante él por lo que tenemos que limitarnos a considerar si, como alegó en su excepción previa contra la acusación, ésta es insuficiente porque de su faz aparece que el conocimiento originario del hecho que se persiguió corresponde al Juzgado de Paz de Mayagüez; que no aduce ·hechos constitutivos de delito alguno, y que no aparece de ella que portara el arma sin autorización para ello; excepción que consideraremos brevemente ya que no se han presentado razones algunas para sostenerla.

Al apelante se le acusó ante el Tribunal de Distrito de Mayagüez de que yendo en una manifestación política que recorría el Barrio de Leguísamos del municipio de Mayagüez,

en la tarde del 28 de octubre de 1914, llevaba encima o en su persona, ilegal y maliciosamente, un revólver para fines de ofensa o defensa.

El conocimiento de los delitos de portar armas prohibidas en reuniones públicas, como son las manifestaciones que discurren por los barrios o poblados, no es de la jurisdicción de los jueces de paz según la sección 4 de la Ley de 9 de marzo de 1905, prohibiendo el uso de armas, ya que dichos jueces no tienen jurisdicción para conocer de esos hechos cuando el arma se portare en una iglesia o asamblea religiosa, escuela o cualquier otro sitio donde haya personas reunidas con fines de diversión, espectáculo social o recreativo, o para fines instructivos o científicos; en un colegio electoral, el día de la elección o de la inscripción, donde esté reunido cualquier número de individuos de cualquier distrito, para votar o inscribirse, en cualquier otro sitio donde haya gente reunida para pasar revista o ejecutar cualquier otro deber público, o en cualquier otra reunión pública. Los jueces de paz solo tienen jurisdicción para conocer de los delitos de portar armas en los casos que no están especificados en la precedente sección, por lo que el hecho que motivó esta acusación no era de la jurisdicción del juez de paz.

Quizás entiende el apelante que en todos los delitos de portar armas prohibidas es el juez de paz el que tiene jurisdicción para conocer de ellos porque el artículo 8 de dicha ley dice que "cualquier persona que infrinja cualquiera de las disposiciones de esta ley podrá ser arrestada por cualquier funcionario del orden público, y conducida ante el tribunal de un juez de paz que tenga jurisdicción sobre el caso, para ser juzgada." Si es así, dicho precepto no tiene tal interpretación pues si se tiene en cuenta que en esa ley se ha determinado concretamente en qué casos tiene jurisdicción el juez de paz y en cuáles el juez municipal, podemos llegar a la conclusión de que lo que dispone es que cuando se infrinja cualquiera de sus disposiciones podrá verificarse el arresto sin necesidad de mandamiento y que la persona arres-

tada deberá ser conducida ante el juez de paz, para ser juzgada en los casos en que tenga jurisdicción para ello.

En cuanto a los otros dos motivos de la excepción, tampoco son procedentes porque al decir la acusación que el apelante portaba en su persona un revolver cuando iba en una manifestación política que recorría el Barrio de Leguísamos, le imputó claramente la infracción del artículo 4 de la citada ley, sin que fuera necesario que alegase que el acusado no estaba autorizado para llevarla pues, si bien tal ley permite a algunas personas el uso de armas, al alegarse en la acusación que el apelante la portaba ilegal y maliciosamente se expresó que no tenía autorización legal para ello ni justa causa o excusa.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.